731 P.2d 955

Debalee **WILSON**, as Guardian of the Person and Conservator of the Estate of Leroy Lunsford, Plaintiff-Appellee,

v.

Gregory **GILLIS**, Defendant and Third-Party Plaintiff-Appellant,

and

Bobby **GILLIS** and Patsy Gillis, Defendants and Third-Party Plaintiffs,

v.

Charles **FRANZOY** and Annalee Franzoy, his wife, Third-Party Defendants-Appellees.

No. 9420.

Court of Appeals of New Mexico.

Nov. 4, 1986.

Certiorari Denied Jan. 12, 1987.

See 105 N.M. 230, 731 P.2d 373.

Michael W. Lilley, Allred, Lilly & Macias, Las Cruces, for plaintiff-appellee.

Thomas A. Sandenaw, Jr., Manuel I. Arrieta, Weinbrenner, Richards, Paulowski & Sandenaw, P.A., Las Cruces, for defendant and third-party plaintiff-appellant.

Edward E. Triviz, Edward E. Triviz, P.A., Las Cruces, for third-party defendants-appellees.

## OPINION

GARCIA, Judge.

This is an interlocutory appeal from an order granting dismissal of the third-party defendants which defendants sought to implead. The issue presented is whether a tortfeasor defendant can force a settling tortfeasor to have his negligence apportioned by a jury as a third-party defendant rather than as a non-party witness.

A personal injury action was brought in the district court for damages sustained in

a motor vehicle accident. The accident occurred when Price Franzoy and his passenger, Leroy Lunsford, proceeding north on a state road, collided with defendant, Gregory Gillis. Lunsford was seriously injured.

Lunsford's guardian filed a complaint against defendants on March 14, 1986. Prior to this date, the trial court, in a separate action, approved a settlement stipulation and release between plaintiff and the Franzoys. Defendants subsequently filed an answer and a third-party complaint, alleging negligence and an agency relationship between plaintiff and third-party defendants, the Franzoys. In each count of the third-party complaint, defendants stated that the presence of third-party defendants was required to grant quick relief and to assure a true determination of the parties' proportionate share of liability under a comparative negligence theory. Third-party defendants filed a motion to dismiss, which was granted, and defendant, Gregory Gillis now appeals from that order.

 Under NMSA 1978, Civ.P.R. 14(a) (Repl.Pamp.1980), a defendant may bring in a non-party "who is or may be liable to him for all or part of the plaintiff's claim against him." Here, since the Franzoys settled with plaintiff, their liability is extinguished. Defendant cannot claim a right to contribution or indemnification in light of the abolition of joint and several liability in a comparative negligence action and the lack of any basis for indemnification. Lacking any potential liability, the Franzoys cannot reasonably be expected to participate as parties in the lawsuit. Just as a jury compares the negligence of an unknown tortfeasor in a comparative negligence case, it can compare the Franzoys' negligence without having them participate as a party. *See generally Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.1982); *see St. Sauver v. New Mexico Peterbilt, Inc.,* 101 N.M. 84, 678 P.2d 712 (Ct.App.1984); *Wilson v. Galt,* 100 N.M. 227, 232, 668 P.2d 1104, 1109 (Ct.App.1983).

 Defendant relies on *Tipton v. Texaco, Inc.,* 103 N.M. 689, 712 P.2d 1351 (1985),

in support of a third-party joinder. His reliance is misplaced. In *Tipton,* the trial court was reversed for dismissing defendants' third-party complaint against the employer of the injured party and two other independent contractors. *None* of the parties dismissed had settled with plaintiff. The supreme court noted that the trial court is required to allow impleader of parties when their presence is required to grant complete relief. Impleading additional defendants to seek affirmative relief, to assure complete disposition, to conserve judicial resources, or to obtain joint tortfeasor contribution has always had a healthy vitality in New Mexico practice. *Id.* at 693, 712 P.2d at 1355. *Tipton* can be distinguished from the instant case on the facts. There is no affirmative relief sought here. There is no potential liability on the part of the Franzoys. *Tipton* is properly limited to cases in which a third-party defendant is potentially liable and, therefore, does not control this case.

 In *Tipton,* the supreme court held that a defendant may file a third-party action against other alleged concurrent tortfeasors as a means of raising the *Bartlett* defense. In so doing, the supreme court acknowledged that Rule 14 was not designed for this purpose. *See* Occhialino, *Procedural Ramifications of the Bartlett Decision: Tipton Tiptoes Toward a Solution,* IX The New Mexico Trial Lawyer 37 (April 1986). In our view, the question implicitly raised by this appeal is whether under *Tipton,* defendant must raise the *Bartlett* defense by impleading non-parties who may be liable for all or a portion of plaintiff's claim. The answer to this question is no. In this case, defendant's answer contained a sufficient statement to raise an affirmative defense, and we see no reason why a defendant cannot raise the *Bartlett* defense in the same manner as other affirmative defenses.

 The amount of the settlement between plaintiff and the Franzoys is immaterial to defendant's liability. "If the injured person settles and releases one tortfeasor,

the consideration paid would satisfy only that tortfeasor's percentage of fault, even though no jury determination of the amount of his liability exists at the time of settlement." *Wilson v. Galt,* 100 N.M. at 232, 668 P.2d at 1109. "The factfinder would still assess the injured person's total damages and apportion fault among all tortfeasors, *present or absent.*" (Emphasis added). *Id.* at 232, 668 P.2d at 1109.

■ Defendant's contention that he will be unable to obtain full discovery unless the Franzoys are made parties is meritless. While defendant will not be able to propound requests for production of documents, interrogatories and requests for admission, he can still use available discovery to secure any needed information. He can take the Franzoys' depositions and serve a subpoena duces tecum requiring them to produce any necessary documents at the deposition. NMSA 1978, Civ.P.R. 45(d)(1) (Repl.Pamp.1980). During the deposition, he can request that the Franzoys make admissions and ask any other questions within the scope of discovery rules. To ensure the Franzoys' presence at trial, he can subpoena them as witnesses.

■ Defendant's claim that juror confusion will result if the Franzoys are not made parties is also without merit. Defendant's argument fails to recognize and credit the significant abilities and talents of jurors to carefully sift through conflicting positions and ascertain the true facts. Juries are frequently asked to compare the negligence of an unknown tortfeasor without resulting confusion. *See Bartlett v. New Mexico Welding Supply, Inc.* Defendant will have every opportunity to explain to the jury the circumstances surrounding the accident, and the jury can reasonably be asked to make an assessment as to percentages of negligence. An entity does not actually have to be present in the courtroom for the jury to comprehend that it must consider and apportion that entity's fault.

■ Defendant further complains that the jury will be confused because plaintiff is aligning himself with the settling tort-feasor. This would be true regardless of whether the Franzoys were joined or were merely witnesses. Plaintiff will still attempt to have the jury assess a greater percentage of fault on the non-settling defendant. Jury instructions can resolve any potential confusion over the alignment and role of the parties in this case.

■ Finally, it is imperative that the judiciary encourage settlement when at all possible. If a tortfeasor desires to buy his peace, other tortfeasors should be discouraged from taking advantage of his good faith efforts. *Wilson v. Galt.* A settling tortfeasor ought to enjoy the benefit of his settlement; joinder as a third party, after settlement, eliminates a major benefit of settlement. Defendant further suggests that the Franzoys would incur only nominal expenses in the event of joinder because they would be passive defendants. This argument is unrealistic. Having to pay an attorney to participate in the trial, whether passive or not, will doubtless cost considerable expense. Judicial economy is best served by the dismissal.

■ If this court requires that a settling tortfeasor continue to participate in the lawsuit, much of the incentive to settle will be removed. In cases where the cost of litigation is an equal or more important consideration than the amount of the liability, a defendant will feel no need to negotiate a settlement. If he has to litigate anyway, a tortfeasor may as well attempt to obtain a determination of no liability. The essence of settlement is that a tortfeasor will pay a sum certain, liability will be extinguished and the accompanying lawsuit and expenses will terminate as far as that tortfeasor is concerned. Deprived of its attractiveness, there would be no incentive to settle controversies and claims; the result would have an adverse impact on the parties and the entire court system.

In sum, *Tipton* is properly limited to cases in which the third-party defendant is potentially liable and, therefore, it is not controlling under the facts of this case. The Franzoys have settled and have no

potential liability to plaintiff, defendant will not incur any prejudice resulting from the dismissal and, as a matter of public policy, settlement should be encouraged. Settlement would be discouraged by forcing settling tortfeasors to become parties.

■ We granted the application for an interlocutory appeal without considering the possibility that the order was in fact final, *see* NMSA 1978, Civ.App.R. 54(C)(2) (Cum.Supp.1985). It has been the practice of this court to deny an application for interlocutory appeal when the record discloses a judgment or order from which an appeal lies. Under the circumstances of this case, we conclude that the order was interlocutory in nature if not form, since the trial court implicitly ruled that defendant's answer was sufficient to raise the *Bartlett* defense. We note that in *Tipton* the comparable issue was raised after trial as an appeal from a final judgment, although Texaco attempted to appeal the dismissal immediately.

It would not be in the interest of justice now to dismiss the application on the ground that defendant should have pursued a different form of appeal. We have, therefore, treated the appeal as a proper interlocutory appeal.

The trial court is affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.