### OWENS–CORNING FIBERGLAS CORPORATION

v.

### AMERICAN CENTENNIAL INSURANCE COMPANY.*

Court of Common Pleas of Ohio,
Lucas County.

No. CI90–2521.

Decided Sept. 8, 1995.

---

* Reporter's Note: This cause has been settled by the parties.

*Connelly, Soutar & Jackson, William M. Connelly* and *Steven Smith; Covington & Burling, Mitchell F. Dolin, Jackson Sharman* and *Eric Lasker; Davis & Young Co., L.P.A.,* and *Martin J. Murphy,* for Owens–Corning Fiberglas Corporation.

*Shumaker, Loop & Kendrick, Peter Silverman* and *William Heywood; Chadbourne & Park, Peter Hillman* and *Debra Petalkis,* for American Centennial Insurance Company.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, Thomas Slavin* and *Thomas Auth; Mayer, Brown & Platt* and *Michael Gill; Joseph Walsh,* for Protective National Insurance Company.

*Weston, Hurd, Fallon, Paisley & Howley* and *Warren Rosman; Harrington, Foxy, Dubrow & Canter, Mark Flory* and *Melissa Harnett,* for Associated International Insurance Company.

RICHARD W. KNEPPER, Judge.

This matter is before the court on the motion *in limine* filed on July 28, 1995, by the defendants, American Centennial Insurance Company ("ACIC"), Protective National Insurance Company ("PNIC"), and Associated International Insurance Company ("Associated"), to exclude the plaintiff, Owens–Corning Fiberglas Corporation ("OCF"), from referring to the remaining defendants as "non-settling

insurers" or from introducing any evidence as to settlements with any insurers involved with this matter or involved with coverage for asbestos injuries in general.[1] Upon due consideration of the pleadings, memoranda of counsel, evidence, and applicable law, this court denies ACIC's motion.

*I*

ACIC moves to prevent OCF from referring to it as a "non-settling insurer" or from referring to any settlements with other insurers which provided coverage for asbestos injuries. ACIC moves for this exclusion on the basis that inclusion of it would be unfairly prejudicial and inflammatory toward ACIC. Based on Evid.R. 408, ACIC asserts that as a matter of law any allusion to settlements, no matter how subtle, is improper. See *Fireman's Fund Ins. Co. v. BPS Co.* (1985), 23 Ohio App.3d 56, 23 OBR 101, 491 N.E.2d 365.

OCF, on the other hand, asserts that reference to the other settling insurers is necessary for the jurors to understand that ACIC's policies were part of a multi-layered excess insurance program involving dozens of other insurers at various layers of coverage. OCF contends that if the jurors are not told the other insurers settled with OCF, then the jurors would speculate about their absence. Such speculation would undoubtedly be misguided and prejudice OCF.[2] OCF asserts that it is well established in other jurisdictions that evidence of settlement between a party and one or more nonparties is admissible if necessary for the jury to understand why nonparties who would be expected to be at trial are not at trial. See *Kennon v. Slipstreamer, Inc.* (C.A.5, 1986), 794 F.2d 1067, 1070 (fact of settlement properly disclosed to the jury to reduce juror confusion over the absence of the settling defendants). See, also, *Belton v. Fibreboard Corp.* (1984), 724 F.2d 500, 505.

■ OCF further asserts that ACIC's stated law regarding Evid.R. 408 is unpersuasive because, in each instance cited, the court held that the evidence of settlement was inappropriate when offered as evidence of liability. According to OCF, Ohio law provides that exclusion of settlement information does not apply when the evidence is presented for a purpose other than proving liability or the validity of a claim. This court agrees with OCF's analysis.

---

1. It has been represented to the court that both Associated and PNIC have settled with OCF. The court, therefore, will determine the motion only as it relates to ACIC.

2. OCF suggests some possible speculations the jurors may incorrectly make, such as OCF is singling out ACIC, OCF's claims against the other insurers have been defeated, or OCF will have billions of dollars of insurance left even if it loses to ACIC.

*II*

■ A motion *in limine* is designed "to avoid the injection into a trial of a potentially prejudicial matter which is not relevant and is inadmissible." *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 278, 21 OBR 345, 349, 487 N.E.2d 920, 924. In *Riverside Methodist Hosp. Assn. v. Guthrie* (1982), 3 Ohio App.3d 308, 310, 3 OBR 355, 358, 444 N.E.2d 1358, 1361, the court of appeals set forth the required two-step procedure:

"First, a consideration of the motion *in limine* as to whether any reference to the area in question should be precluded until admissibility can be ascertained during trial. Second, at the time when the party desires to introduce the evidence which is the subject of the motion *in limine*, there must be a second hearing or determination by the trial court as to the admissibility of the evidence, which is then determined by the circumstances and evidence adduced in the trial and the issues raised by the evidence."

■ A motion *in limine* is, therefore, a precautionary request, directed to the inherent discretion of the trial judge. *State v. Spahr* (1976), 47 Ohio App.2d 221, 1 O.O.3d 289, 353 N.E.2d 624.

"The sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed. Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible." Palmer, Ohio Rules of Evidence Rules Manual (1984), at 446, cited with approval in *State v. Grubb* (1986), 28 Ohio St.3d 199, 201, 28 OBR 285, 288, 503 N.E.2d 142, 145.

The inherent power of a court to control its proceedings is granted to it by Evid.R. 103(A) and 611(A). The use of the motion *in limine* serves the interest of judicial economy as well as those interests of counsel and the parties because it aids in reducing the possibility of the injection of error or prejudice into the proceedings. *Grubb, supra*.

*III*

■ Admission of evidence of settlements or settlement negotiations is prohibited when offered to prove liability, the invalidity of a claim, or the amount of a claim. Ohio Rule of Evidence 408 provides as follows:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its

amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

Ohio courts recognize that exclusion, pursuant to Evid.R. 408, "does not apply when the evidence is presented for a purpose other than proving liability or the validity of a claim." *Shimola v. Cleveland* (1992), 89 Ohio App.3d 505, 511, 625 N.E.2d 626, 630. See, also, *Cannell v. Rhodes* (1986), 31 Ohio App.3d 183, 31 OBR 349, 509 N.E.2d 963. See, also, *McMiller v. Bond* (May 15, 1989), Richland App. No. CA–2641, unreported, 1989 WL 63296.

In the instant action, there is an elaborate configuration of excess insurance coverage. In order to sufficiently understand the insurance coverage obtained by OCF, the jurors will have to know about the other insurers who have already settled with OCF. The court finds that evidence concerning the settling insurers is offered for reasons other than proving liability or the existence of a claim and, therefore, is admissible. See *Shimola, supra.*

This court further finds that exclusion of evidence of settlement by the other insurers would cause confusion and speculation by the jurors, resulting in unfair prejudice toward OCF. Accordingly, evidence regarding settlement by the other insurers is admissible, as it is necessary for the jury to understand why the numerous other excess insurers are not at trial. See *Kennon, supra.*

Finally, if requested, this court would entertain the inclusion of a limiting instruction to the jurors concerning their consideration of the evidence regarding the settled insurers. See *Hubner v. Sigall* (1988), 47 Ohio App.3d 15, 21, 546 N.E.2d 1337, 1343.

## JOURNAL ENTRY

It is ORDERED that ACIC's motion *in limine* to exclude references to settlement is DENIED.

*Motion denied.*