928 P.2d 269

**Ruth FAHRBACH, Plaintiff–Appellant,**

**and**

**Stewart Foreman and Brett Michael Foreman, Intervenors–Plaintiffs–Appellants,**

**v.**

**DIAMOND SHAMROCK, INC., Phillips Petroleum Company, Petrolane Gas Services, Ltd., and/or Petrolane Incorporated, Defendants–Appellees.**

No. 22276.

Supreme Court of New Mexico.

Oct. 25, 1996.

Rehearing Denied Nov. 26, 1996.

544

Law Offices of Simon & Oppenheimer, Jane Bloom Yohalem, Santa Fe, Maryellen R. Duprel, Taos, Skinner, Beattie & Wilson, P.C., Donald G. Beattie, Altoona, for Appellants.

Catron, Catron & Sawtell, P.A., Michael Pottow, Santa Fe, Dines, Wilson & Gross, P.C., Alan R. Wilson, Christina Gratke Nason, Albuquerque, for Appellee Petrolane.

## OPINION

MINZNER, Justice.

Plaintiffs Ruth Fahrbach, Stewart Foreman, and Brett Michael Foreman (collectively "Plaintiffs") appeal from a defense verdict in a personal injury action. Plaintiffs had sued several defendants in tort and breach of warranty arising from a gas explosion at the Thunderbird Lodge in the Taos Ski Valley in 1992 and had settled with three defendants prior to trial. On appeal Plaintiffs contend that the trial court erred in instructing the jury because (1) the trial court informed the jury that a settlement had been reached prior to trial; and (2) the trial court instructed the jury to consider the fault of a nonparty not listed in the pretrial order. We hold that the trial court may inform the jury of the fact of settlement if the court has reason to believe (a) that it should do so in order to assist the jurors in understanding their responsibilities, and (b) that it can do so without prejudice to any party. We review the trial court's decision to instruct the jury on the fact of settlement for abuse of discretion, and we hold that in this case no abuse occurred. We also conclude that, on the facts of this case, Plaintiffs were not on sufficient notice of the nonparty's potential liability, and the trial court erred in instructing the jury to consider that party's fault. However, we conclude that the error was harmless. We therefore affirm the judgment of the trial court.

## I. FACTS

Plaintiffs were injured when leaking gas from a line servicing a neighboring business, Terry Sports, Inc., drifted downhill into the Thunderbird Lodge, causing an explosion. The propane gas line was found to be exposed several inches above the ground for a span of some ten feet, despite gas industry regulations and New Mexico law requiring propane gas lines to be buried. Plaintiffs sued Petrolane Gas Services ("Petrolane"), the supplier of propane to Terry Sports;

Terry Sports, Inc.; New Mexico Propane/Heritage; the Thunderbird Lodge, Inc.; Diamond Shamrock, Inc., the purchaser of the ethyl mercaptan (a substance used to odorize propane), who injected it into the propane sold to Petrolane; and Phillips Petroleum Company, the manufacturer of the ethyl mercaptan.

Prior to trial, Plaintiffs settled with New Mexico Propane/Heritage, Terry Sports, and the Thunderbird Lodge. During a pretrial hearing in this case, the trial court indicated its intention to inform the jury that three former co-defendants had settled with Plaintiffs. The trial court explained that jurors find it confusing to be asked to allocate liability among tortfeasors when, without explanation, some of the tortfeasors are not present in court.

> THE COURT: [T]he last trial that I did ... ended up being one where there were great debates about whether or not to inform the jury that other parties had settled out, about not to consider that, because they are going to get to assess their own fault. And I think it was confusing to the jury not to tell them—not the specifics of what went on, but some of how this case started and where it stood now.

Accordingly, prior to voir dire, the trial court informed the jury that Plaintiffs had originally sued three additional parties and that these parties had settled with Plaintiffs prior to trial. The court stated as follows:

> I'll also advise you that in addition to the Defendants present in the courtroom today, the Plaintiffs originally sued New Mexico Propane of Taos, Incorporated, the Thunderbird Lodge, and Terry Sports. Those parties have settled the Plaintiffs' claims and they will not be participating in this action, although you will hear evidence concerning their conduct and you will have an opportunity, if selected as a juror, to assess fault concerning some or all of those parties.

The trial proceeded with the three remaining defendants, Phillips Petroleum Company, Diamond Shamrock, and Petrolane Gas Services (collectively "Defendants"). During trial Plaintiffs argued, among other things, that

Petrolane was negligent in adequately warning its own employees concerning the possibility of odor fade, odor confusion, and other characteristics of propane odorized with ethyl mercaptan in conjunction with propane line maintenance. Plaintiffs presented two witnesses to testify, respectively, about the scope of instruction and Petrolane's alleged failure to warn its local district managers of the hazards inherent in maintaining propane gas lines. The two witnesses were David Archuleta, Petrolane's Taos district manager, and James Myers, an employee of Suburban Propane. The testimony of these witnesses indicated that Suburban Propane had trained Petrolane employees in propane line maintenance. Other testimony revealed that Suburban Propane or one of its parent corporations formerly owned Petrolane.

Plaintiffs had not named Suburban Propane in their complaint. None of the defendants specifically pleaded Suburban Propane's liability in their answers, although the liability of "others" was asserted as a general defense. Additionally, the pretrial order did not list Suburban Propane as being potentially liable.

After presentation of the evidence, at a hearing to finalize the jury instructions, Defendants asked the court to instruct the jury to consider whether Plaintiffs' injuries were caused by Suburban Propane's negligence in failing to properly train Petrolane employees. Plaintiffs objected, contending that Suburban Propane and Petrolane were not separate entities. The trial court overruled the objection and instructed the jury on several theories of liability, including the theory that Suburban Propane had failed to adequately train Petrolane employees. The special verdict form first asked, "Question No. 1: was any defendant, Diamond Shamrock Refining and Marketing Company, Phillips Petroleum Company or Petrolane negligent?" If the jury answered affirmatively, it was instructed to answer several questions about the allocation of fault. Suburban Propane was subsequently listed as one of the parties to whom the jury was authorized to allocate fault, but only if the jury determined any of the three named defendants had been negligent and

that the negligence of a named defendant contributed to Plaintiffs' injuries.

During deliberation the jury posed the following question to the court: "Is Suburban included with Petrolane on question # 1 [regarding Petrolane's liability for Plaintiffs' injuries]? If not, how do we separate them?" The court responded: "Suburban is not included on question # 1. Please follow the instructions on the Special Verdict Form."

The jury ultimately returned the verdict form with an answer to the first question indicating that none of the three named defendants had been negligent. The jury also found that the product at issue was not defective. Following the verdict, Plaintiffs moved for a new trial alleging that (1) the trial court erred in informing the jury that three defendants named in the complaint had settled with Plaintiffs prior to trial; and (2) the trial court abused its discretion in instructing the jury regarding Suburban Propane's fault, a defense which had not been included in the pretrial order. After a hearing on the merits the trial court denied the motion, holding that Rule 11–408 NMRA 1996 did not preclude the court from informing jurors that some former defendants had settled with Plaintiffs, and that there was sufficient evidence introduced at trial to support a separate instruction of Suburban Propane's alleged negligence.

Plaintiffs appeal from the judgment on the verdict, raising the same two issues argued before the court in their motion for a new trial. Plaintiffs have since settled with both Phillips Petroleum Co. and Diamond Shamrock. Petrolane is the sole remaining defendant on appeal.

## II. TRIAL COURT'S ADVICE TO JURY REGARDING SETTLEMENT

Plaintiffs argue on appeal that the trial court gave the jury advice that was inconsistent with Rule 408 of the New Mexico Rules of Evidence. Rule 11–408 NMRA 1996, states as follows:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempt-

ing to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay or proving an effort to obstruct a criminal investigation or prosecution.

Plaintiffs reason that Rule 11–408 NMRA 1996 promotes a public policy favoring compromise and settlement, that it achieves this goal by insulating parties against inferences of liability due to their conduct or statements during settlement negotiations, and that it should be construed to prevent juries from drawing equally improper inferences of liability from the fact of settlement by others. Plaintiffs specifically contend that the jury could have inferred that the parties who were primarily responsible had settled with and compensated Plaintiffs and that no further compensation was appropriate. Plaintiffs also argue that after the trial court had divulged the fact of settlement, Defendants' counsel made additional references to the settlement, and these additional references enhanced the prejudicial effect of the initial disclosure. On the facts of this case, we conclude that Plaintiffs have not shown any error.

Rule 11–408 NMRA 1996 expressly excludes evidence of offers to settle when used against a party as an admission of the claim's weakness. *See generally* 2 *McCormick on Evidence* § 266, at 194–95 (John W. Strong, ed., 4th ed. 1992) ("To invoke the exclusionary rule, there must be an actual dispute, preferably some negotiations, and at least an apparent difference of view between the parties as to the validity or amount of the claim.") (footnotes omitted). By its express terms, Rule 11–408 NMRA 1996 excludes evidence of a settlement only when that evidence is introduced to prove liability or non-

liability of a claim or its amount. *See El Paso Elec. Co. v. Real Estate Mart, Inc.*, 98 N.M. 570, 573–74, 651 P.2d 105, 108–09 (Ct. App.) (evidence introduced to impeach), *cert. denied*, 98 N.M. 590, 651 P.2d 636 (1982). The rule usually provides support for an objection to evidence offered against a party by another party when settlement negotiations fail. *See* 2 *McCormick, supra*, § 266, at 194. New Mexico cases have "interpret[ed] the rule to protect only those parties to a compromise." *See State v. Martinez*, 95 N.M. 795, 802, 626 P.2d 1292, 1299 (Ct.App. 1979).

■ As stated explicitly in the rule itself, Rule 11–408 NMRA 1996 does not provide a blanket exclusion whenever the evidence at issue concerns a settlement. *See id.* To the contrary, evidence of settlement is admissible to show bias or prejudice, to rebut a contention of undue delay, to prove obstruction of a criminal investigation, or for various other purposes. *State v. Doak*, 89 N.M. 532, 535, 554 P.2d 993, 996 (Ct.App.1976) (evidence introduced to show bias and lack of credibility); *see also Jesko v. Stauffer Chem. Co.*, 89 N.M. 786, 789, 558 P.2d 55, 58 (Ct.App.1976) (evidence admitted to prove authority to act). *Compare Groves v. Compton*, 167 W.Va. 873, 280 S.E.2d 708, 711 (1981) (trial court may on its own initiative determine appropriate method of handling settlements paid by joint tortfeasors; trial court erred in refusing to permit plaintiff's counsel to respond to defense counsel's suggestion that nonparty was not party to lawsuit because of bias toward plaintiff) *with Owens–Corning Fiberglas Corp. v. American Centennial Ins. Co.*, 74 Ohio Misc.2d 272, 660 N.E.2d 828, 831 (Com. Pl.1995) (in ruling on motion in limine to exclude references to settlement, trial court admitted evidence in order to avoid "confusion and speculation by the jurors, resulting in unfair prejudice" toward party). Therefore, we do not construe Rule 11–408 NMRA 1996 as precluding the trial court from advising the jury, where appropriate, regarding a settlement that has eliminated one or more parties. *See Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir.1986) ("In a case such as this one, where the absence of defendants previously in court might confuse the

jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion.").

■ However, matters regarding settlement are not usually relevant to the issues being tried, which are the negligence of the remaining defendants, the amount of the plaintiffs' damages, and apportioning the damages caused by the defendants' negligence. *See generally Wilson v. Gillis*, 105 N.M. 259, 261–62, 731 P.2d 955, 957–58 (Ct. App.1986) (discussing effect of settlement on liability of non-settling parties), *cert. denied*, 105 N.M. 230, 731 P.2d 373 (1987); *Wilson v. Galt*, 100 N.M. 227, 232, 668 P.2d 1104, 1109 (Ct.App.) (an injured party may pursue recovery from each severally liable tortfeasor without reduction, even if the settling tortfeasor paid more in settlement than its apportioned share of total damages as determined), *cert. quashed*, 100 N.M. 192, 668 P.2d 308 (1983). Although Rule 11–408 NMRA 1996 offers little specific guidance to the trial court in exercising its discretion, it provides general guidance by promoting a public policy favoring settlements. Rule 11–408 NMRA 1996 generally counsels the trial court to exclude evidence of settlement unless the party wishing to introduce such evidence establishes a valid purpose. We agree with Plaintiffs that "the rule is, in effect, a statement of policy regulating the advisability of the jury being told of a settlement," and that the policy applies "with equal force to the comments of the court or of counsel made in argument to the jury or in voir dire." *See Kennon*, 794 F.2d at 1070–71 (judge's statement to the jury regarding settlement reviewed for compliance with Federal Rule of Evidence 408).

■ Thus, a trial court need not disclose the existence of a settlement and should not grant a party's request that it do so absent a proper purpose, one not excluded by Rule 11–408 NMRA 1996, and one that is consistent with the other purposes expressly mentioned. *Compare Morea v. Cosco, Inc.*, 422 Mass. 601, 664 N.E.2d 822, 824 (1996) (court prospectively adopts court rule that "[w]hen there is no significant risk that the jury's factfinding function will be distorted, evidence of the settlement should be excluded.")

*with Soria v. Sierra Pac. Airlines*, 111 Idaho 594, 726 P.2d 706 (1986) (whether settlement should be disclosed to the jury rests in the broad discretion of the trial court; in this case, trial court decision to exclude evidence affirmed). "[T]he decision of whether to admit such evidence for another purpose is committed to the discretion of the trial court." *Id.* at 718. *Contra Peck v. Jacquemin*, 196 Conn. 53, 491 A.2d 1043, 1046 (1985) (permitting prior settlement with former defendant to be brought to the attention of the jury was error in light of statute prohibiting disclosure).

■ One court has analyzed the power to introduce evidence of settlement for purposes not excluded by a rule analogous to Rule 11–408 NMRA 1996 as within the trial court's authority to manage the trial and rule on evidentiary matters. *Ducote v. Commercial Union Ins. Co.*, 616 So.2d 1366, 1371–72 (La. Ct.App.), *writ denied*, 620 So.2d 877 (La. 1993). "Whether the evidence is admissible shall be determined by rules concerning relevancy and possible outweighing prejudice." *Soria*, 726 P.2d at 718; *see also* Rule 11–402 NMRA 1996, Rule 11–403 NMRA 1996. We agree with this approach. It provides the trial court the flexibility to address unusual circumstances within familiar limitations. *See generally* 2 McCormick, *supra*, § 266, at 196–97. It neither creates unlimited discretion nor authorizes conduct that is unreviewable as a practical matter. *See Cleere v. United Parcel Serv.*, 669 P.2d 785, 790 (Okla. Ct.App.1983) (jury verdict reversed and cause remanded for new trial; defendant did not show that evidence of release fell within "other purpose" of rule).

■ In this case, the trial court apparently concluded that the absence of certain defendants previously discussed or represented in court might be confusing to the jury, and unnecessary confusion could be avoided without prejudice to any party. Plaintiffs do not contend that the trial court erred either in identifying potential confusion or in believing that prejudice could be avoided. Rather, they argue "that the confusion identified by the court is *always* present in a situation where a plaintiff, in a tort action, settles with

some defendants and not with others." They suggest that the trial court adopted a "blanket exception" to the exclusion policy of Rule 11–408 NMRA 1996, and argue that "[s]uch a blanket exception is not analogous either to the exceptions listed in the face of Rule 408, or to the additional exception which has been permitted by the courts of New Mexico for evidence relevant to a material fact in issue other than liability." They urge that, as applied to the facts of this case, such an exception "swallows the rule."

Plaintiffs acknowledge that a trial court can address jury confusion, when some defendants have settled and others remain before the court, without undermining the policy expressed in Rule 11–408 NMRA 1996:

> Jurors can be told that they will be required to evaluate the relative liability of a number of persons, some of whom are parties and some of whom are not; that there are a number of reasons why a tortfeasor might not be joined as a party; and that the jury should not speculate about the reasons why some of the tortfeasors are not parties in the case before them.

We agree with Plaintiffs that there is no "blanket exception" that authorizes a trial court to inform a jury of a prior settlement in order to avoid any possibility of jury confusion. *See Owens–Corning Fiberglas Corp.,* 660 N.E.2d at 831 (trial court found specific prejudice in case involving a number of excess insurers). However, in this case, we are not persuaded that the court erred in determining that disclosure was appropriate.

In exercising its authority to manage the course of trial, the court must ensure that the jury understands its authority and responsibilities in allocating liability among multiple tortfeasors. In this case, the trial court apparently concluded that unnecessary confusion could be avoided without prejudicing any party, and Plaintiffs have acknowledged that this conclusion was not unreasonable. Plaintiffs have suggested that other instructions would have been more appropriate, and we agree that other instructions might have been more appropriate. The instructions Plaintiffs have described in their Brief-in-Chief might have been more appropriate, simply because they are more general. However, there is no indication that Plaintiffs suggested this alternative to the trial court.

A party may seek a limiting instruction. *See Owens–Corning Fiberglas Corp.,* 660 N.E.2d at 831 ("[I]f requested, this court would entertain the inclusion of a limiting instruction to the jurors concerning their consideration of the evidence."). When evidence is admissible for one purpose but not for another, the Rules of Evidence require that the trial court shall, upon request, limit the evidence to its proper scope and instruct the jury accordingly. Rule 11–105 NMRA 1996. Thus, for example, in a situation where one or more defendants have settled, and the trial court decides to instruct the jury of that fact, a party then may request additional jury instructions, such as an instruction that the jury has a duty to decide whether the defendants are liable to the plaintiff; to determine the total amount of damages, if any, that would compensate the plaintiff; and to allocate the damages among the parties the court instructs the jury it may consider. Alternatively, a party may suggest a different method of instructing the jury, one that minimizes even further the possibility of the jury drawing inappropriate inferences. Had Plaintiffs suggested at trial the alternative language they have suggested on appeal, we would have faced a different question; the question in those circumstances would have been whether the court abused its discretion in rejecting the alternative language. In the absence of a request for a limiting or different instruction, however, we cannot say the trial court erred in phrasing its remarks. *See* Rule 12–216(A) NMRA 1996 ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked...."); *cf. El Paso Elec. Co.,* 98 N.M. at 574, 651 P.2d at 109 (noting that party objecting to evidence did not ask for an explanatory instruction).

We conclude that the trial court properly attempted to eliminate what it reasonably perceived as unnecessary confusion. That attempt was well within its authority to manage the course of trial. Rule 11–408 NMRA 1996 does not by its terms preclude such an

attempt. Plaintiffs neither suggested particular wording to the court nor offered a limiting instruction. On these facts, we cannot say that the trial court's action was inconsistent with the policy underlying Rule 11–408 NMRA 1996. We therefore hold that the trial court did not abuse its discretion in informing the jury of the fact of settlement.

## III. ATTRIBUTING FAULT TO SUBURBAN PROPANE

At trial, Plaintiffs introduced testimony relating to Suburban Propane's failure to warn Petrolane's employees. On direct examination, Plaintiffs extensively questioned Petrolane's Taos district manager, David Archuleta, on the instruction he received from the safety department, which was headquartered in Whippany, New Jersey. Plaintiffs intended to establish that Petrolane's safety department had failed to properly warn its employees, including Archuleta, of propane's elusive odor during propane gas line maintenance, and that this failure to warn amounted to negligence on Petrolane's part. However, Plaintiffs' line of questioning incorrectly suggested that the New Jersey safety department was part of Petrolane. Petrolane, on rebuttal, established that the safety department in New Jersey was part of Suburban Propane, a completely separate entity. Plaintiffs did not introduce any other evidence making Petrolane vicariously liable for Suburban Propane's actions.

■ Plaintiffs contend that the trial court erred in permitting the jury to allocate fault to Suburban Propane. Specifically, Plaintiffs argue that it was an abuse of discretion for the trial court to instruct the jury on a defense which was not raised in the pleadings nor in the pretrial order and which was not tried with Plaintiffs' express or implied consent. Plaintiffs contend that Defendants' pleadings and responses to discovery misled them into concluding that Suburban Propane and Petrolane were a single entity for purposes of allocating fault. They contend that the trial court should have denied the request for instructions regarding Suburban Propane because the defense theory was not included in the pretrial order, and thus they were unfairly surprised at the close of trial.

Plaintiffs also argue that the improper charge to the jury influenced the outcome of the case and was not harmless error. We hold that the trial court erred in instructing the jury regarding Suburban Propane's role in training Petrolane's employees, but that the error was harmless.

■ Notice pleading is intended to be supplemented by discovery and other pretrial activity. Our rules of procedure anticipate clarification, development, and even, at least sometimes, simplification of the issues in the course of trial preparation. *See United Nuclear Corp. v. General Atomic Co.,* 93 N.M. 105, 120, 597 P.2d 290, 305 (holding that "[p]arties are expected to disclose at a pretrial hearing all the legal and factual issues which they intend to raise"), *cert. denied,* 444 U.S. 911, 100 S.Ct. 222, 62 L.Ed.2d 145 (1979). However, by the time of entry of the pretrial order, our rules contemplate that the issues to be tried will have been identified. "The principle is well established that a pretrial order, made and entered without objection, and to which no motion to modify has been made, 'controls the subsequent course of action.'" *Blumenthal v. Concrete Constructors Co.,* 102 N.M. 125, 131, 692 P.2d 50, 56 (Ct.App.1984) (quoting NMSA 1978, Civ. P.R. 16 (Repl.Pamp.1980)). A pretrial order narrows the issues for trial, reveals the parties' real contentions, and eliminates unfair surprise. *State ex rel. State Highway Dep't v. Branchau,* 90 N.M. 496, 497, 565 P.2d 1013, 1014 (1977). Ordinarily, only those theories of liability contained in the pretrial order will be considered at trial.

■ Nevertheless, to prevent manifest injustice, the trial court may in its discretion modify the order to conform to the evidence, which is then subject to review for abuse of discretion. *Id.; see also Mantz v. Follingstad,* 84 N.M. 473, 475, 505 P.2d 68, 70 (Ct.App.1972) (pretrial order, while becoming the law of the case, does not prevent the trial court from changing its mind about the applicable law in order to prevent perpetuating error). Further, courts have wide latitude to amend the pretrial order to conform to the evidence. *HBE Leasing Corp. v. Frank,* 22 F.3d 41, 45 (2d Cir.1994). In this

case, the pretrial order should have controlled. Suburban's contributory fault was not timely raised. It was not raised in the pretrial order nor tried by express consent. Further, Plaintiffs' claim that Suburban Propane and Petrolane constituted a single entity lacked support in the evidence produced at trial. We will not rely on Plaintiff's failure of proof to conclude that comparative fault of Suburban was an issue tried by implication.

The pretrial order was signed December 16, 1993. Thereafter Petrolane filed a motion in limine asking the trial court to require Plaintiffs to refer to Petrolane and Suburban Propane as separate entities because several references in earlier depositions and trial exhibits referred to Suburban Propane and Petrolane as one entity. The trial court conducted a hearing on January 3, 1994 and granted the motion. Plaintiffs note that in response to discovery requests Petrolane had identified Myers as a Petrolane employee. However, depositions taken of Myers and Joe Monesmith, who identified themselves as Suburban Propane managers, indicated that Suburban Propane had been involved in Petrolane's employee safety and instruction program and that there was some distinction between the two entities. The trial court's pretrial grant of Petrolane's motion in limine should have alerted Plaintiffs that Suburban Propane's actions might not provide evidence of Petrolane's fault.

Because Plaintiffs contended that Suburban Propane played a role in training Petrolane's employees and because Petrolane presented evidence at trial that Suburban Propane was a distinct, separate entity, Suburban Propane's relationship to Petrolane became an issue relevant to the other issues being tried. *See* 3 James W. Moore, *Moore's Federal Practice* ¶ 16.11 (2d ed.1995) (stating that the pretrial order should bind the parties to the issues to be tried, subject to appropriate modification that will permit all bona fide issues to be tried without surprise and prejudice); *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 452–53 (10th Cir.1982) (where evidence is presented on an issue beyond scope of pretrial order, rule relating to amendments to conform to the evidence may effect an

amendment of the pretrial order). Plaintiffs have not directed this Court to any evidence in the record that Petrolane and Suburban Propane are the same entity, *see In re Estate of Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct.App.) ("court will not search the record to find evidence to support an appellant's claims"), *cert. denied*, 113 N.M. 690, 831 P.2d 989 (1992), and Plaintiffs did not offer a jury instruction that is of record on the question of what relationship existed between Petrolane and Suburban Propane. *See, e.g., Lamkin v. Garcia*, 106 N.M. 60, 64, 738 P.2d 932, 936 (Ct.App.) (defendants are entitled to jury instructions on all correct theories of their case which are supported by the evidence), *cert. denied*, 106 N.M. 7, 738 P.2d 125 (1987). Although not specifically pled nor raised by a requested instruction that can be found in the record, the single-entity claim was tried by the parties. However, there was no evidence to support Plaintiffs' single-entity claim and no evidence to support a theory that Petrolane was vicariously liable for the conduct of Suburban Propane employees.

Under these circumstances, we cannot conclude that Plaintiffs impliedly consented to trial of all issues raised by the evidence that Suburban Propane was a separate entity. *See* Rule 1–015(B) NMRA 1996 (amendments to conform to the evidence); *see also Hardin*, 691 F.2d at 459 (implied consent found when the party opposing the amendment himself produced evidence on the new issue). We do not think that the lack of evidence to support Plaintiffs' single-entity claim or a theory of vicarious liability is an adequate basis for permitting Petrolane to raise the contributory fault of Suburban Propane as an affirmative defense at the close of trial. Defendants' theory that Suburban Propane had been contributorily negligent differed from Plaintiffs' claim that Petrolane and Suburban Propane were a single entity. Rather, as Plaintiffs persuasively argue:

> [A]ll of the evidence introduced by the Plaintiffs about the training of Petrolane employees was introduced because it was relevant to Plaintiffs' claim that Defendant Petrolane was negligent in failing to follow its own safety procedures and in failing to adequately train its line staff in proper

safety procedures, given the high probability of confusing the odor of propane gas with that [of] other foul odors such as the smell of sewer gas.

The question for the trial court and the issue on appeal is whether Plaintiffs had sufficient notice, notwithstanding the pretrial order, that Suburban Propane would be an entity against whom Defendants might assert comparative fault. We conclude that, on these facts, Plaintiffs did not have sufficient notice to support an instruction on the comparative fault of Suburban Propane.

■ Plaintiffs argue that the jury might have reasoned that Suburban Propane failed to train Petrolane's employees to be aware of the high likelihood of confusing the smell of propane gas, that because Suburban Propane failed to train Petrolane's employees about the potential of confusion, the employees believed that the reported smell was that of sewer gas, rather than propane. The inference Plaintiffs draw is that had Suburban Propane properly trained Petrolane employees, those employees would have ordered the lodge evacuated or at least cautioned against lighting a match, and therefore the negligence of Suburban Propane, rather than any negligence of Petrolane employees, caused Plaintiff's injuries. Plaintiffs contend that it is not possible to say with a high degree of assurance that the error in instructing the jury did not affect the outcome. Therefore, they argue, the error was not harmless. *See Mallard v. Zink,* 94 N.M. 94, 607 P.2d 632 (Ct.App.) (reversing trial court's decision granting a directed verdict for one of two codefendants), *writ quashed,* 94 N.M. 629, 614 P.2d 546 (1979).

After a thorough examination of the record, we conclude that the court's instructing the jury on Suburban Propane was error, but nevertheless, the error was harmless. "Under [Rule 1–061 NMRA 1996], error is not grounds for setting aside a verdict unless ... 'inconsistent with substantial justice.'" *Gallegos v. Citizens Ins. Agency,* 108 N.M. 722, 733, 779 P.2d 99, 110 (1989). "The Rule is a mandate to ... grant a new trial, set aside a verdict, or vacate, modify, or otherwise disturb a judgment *when,* and *only when,* it is clear that refusal to take such action will be substantially unjust." 7 James W. Moore et al., Moore's Federal Practice ¶ 61.03 (2d ed.1996) (emphasis in original). "[A]n error in instructions to the jury is harmless, and reversal is not required, if the erroneous instruction does not affect the substantial rights of the parties." Moore, *supra,* ¶ 61.09.

The issue, then, is whether the error prevented substantial justice. Here, Plaintiffs have not alerted the court to any direct evidence that the error in instruction contributed to [or directly resulted in] the jury's verdict. Rather, they merely speculate that "the improper charge to the jury influenced the outcome of the case." We cannot conclude as a matter of law that the jury relied on the Suburban Propane instruction to absolve Petrolane from liability. In fact, we think it is highly unlikely that the jury would have absolved Petrolane entirely on the basis that Suburban Propane's failure to train had been the proximate cause of the accident. The jury would have had to conclude not only that Petrolane employees were unaware of the likelihood of confusion but also that their lack of knowledge excused what would have otherwise been negligent conduct. Yet they were instructed that ignorance of certain rules and regulations would not excuse compliance with the standard set by those rules and regulations. Given this instruction, we think it more likely that the jury had another basis or bases for not finding that Petrolane acted negligently. Hence, we are willing to construe the jury's verdict as a finding that Petrolane's employees acted with due care in handling the situation with which they were presented, and to conclude that the jury's verdict renders the trial court's instructions regarding Suburban Propane harmless error.

## IV. CONCLUSION

The trial court did not err in disclosing the existence of a settlement with several former defendants to the jury. Plaintiffs have not shown an abuse of discretion in the decision to disclose. The trial court erred in allowing the jury to consider Suburban Propane's fault. The court's ruling on the motion in limine did not put Plaintiffs on sufficient

notice that Suburban Propane was a separate, potentially liable entity to whom the jury could attribute fault, and Plaintiffs' claim that Suburban Propane and Petrolane were a single entity did not permit a conclusion that Suburban Propane's contributory fault was an issue tried by implication. However, because the jury found that Petrolane was not negligent, the instructions regarding Suburban Propane were harmless. We affirm the judgment of the trial court on both issues raised on appeal. No costs are awarded.

**IT IS SO ORDERED.**

RANSOM and McKINNON, JJ., concur.