This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39680

**IN THE MATTER OF THE ESTATE
OF PERRY R. TRUJILLO, Deceased,
THE ESTATE OF PERRY R. TRUJILLO,**

       Petitioner-Appellant,

v.

**PHILLIP TRUJILLO and MARK TRUJILLO,**

       Respondents-Appellees,

and

**PHILLIP TRUJILLO, as Trustee of the
PHILLIP TRUJILLO AND EVA TRUJILLO
JOINT LIVING TRUST DATED JUNE 7, 2017,**

       Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge**

Atler Law Firm, P.C.
Timothy J. Atler
Jazmine J. Johnston
Albuquerque, NM

for Appellant

Durham, Pittard & Spalding, LLP
Caren I. Friedman
Justin R. Kaufman
Rosalind B. Bienvenu
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** The Estate of Perry R. Trujillo appeals the district court's findings of fact, conclusions of law, and order (the Order) because the court did not distribute certain property according to the interest that the Estate claimed Perry R. Trujillo (Decedent) held. Of the multiple arguments made on appeal, we conclude only two are properly preserved: (1) that the district court erred when it did not apply promissory estoppel to enforce an agreement between Decedent and his two brothers, Phillip Trujillo Jr. and Mark Trujillo (Respondents); and (2) that the court erred by not applying a presumption of ownership in the Estate's favor for certain tangible personal property that Decedent possessed at the time of his death. Unpersuaded, we affirm.

**DISCUSSION**

**I.     The Order Is Final and Appealable**

**{2}** Before turning to the Estate's claims of error, we must address Respondents' assertion that we lack appellate jurisdiction to review the Order because it is not final, *see* NMSA 1978, § 39-3-2 (1966), and that the Estate brought what is, in effect, an interlocutory appeal without following the proper procedure, *see* Rule 12-203 NMRA. We disagree.

**{3}** "Finality for purposes of appeal is viewed in a practical rather than a technical context and by looking to the substance of the document rather than its form." *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. Every petition in a single probate proceeding constitutes a separate action, and "pleadings relating to the same subject matter [as the petition], whether labelled motions or petitions, are part of the same proceeding." *In re Estate of Newalla*, 1992-NMCA-084, ¶¶ 13-15, 114 N.M. 290, 837 P.2d 1373. When a petition combines multiple requests—such as to formally probate the estate and to appoint a personal representative—"an order is ordinarily final and appealable only when [all such] matters have been decided." *Id.* ¶ 16.

**{4}** That is the situation here; the district court ruled on all of the requests made by the Estate. At the outset of the case, the Estate petitioned the district court to (1) admit Decedent's will into probate, (2) appoint two of his daughters as corepresentatives, (3) authorize the clerk of the court to issue letters testamentary, and (4) formally probate the estate. The court ruled on the first three requests soon after the petition was filed. With respect to the fourth request, the Estate then filed three substantive motions: a motion for instruction; a motion to enforce distribution of water rights; and a motion for partition. The court heard the merits of all three motions during a four-day bench trial, and the Order includes rulings on each. Respondents assert the Order does not "dispos[e] of th[e] case to the fullest extent possible," but they fail to identify any issue

raised in the motions or elsewhere that remains unaddressed. Based on our review of the record, we do not see anything pending before the court that would render the Order nonfinal. Further, the Order includes decretal language—"it is therefore ordered, adjudged and decreed as follows"—which further supports finality. *Cf. Khalsa*, 1998-NMCA-110, ¶ 13 (noting findings of fact and conclusions of law without "decretal language that carries the decision into effect" are not a final order).

**{5}** Respondents imply that the Order is interlocutory, rather than final, because of a comment that the district court made in an oral ruling on Phillip Jr.'s motion for a stay pending the Estate's appeal to this Court that the Order might be interlocutory. We are unpersuaded. We do not believe that the district court determined that the Order is interlocutory. Even if the district court had determined that the Order is interlocutory, precedent recognizes that an appellate court determines whether an order is appealable by looking to the substance of the appealed document, *see id.* ¶ 12, and we have done so, concluding that the Order is final.

## II. The District Court Did Not Err by Declining to Rule on the Estate's Promissory Estoppel Claim Because That Claim Was Absent From the Pretrial Order

**{6}** On appeal the Estate seeks to enforce a promise between Decedent and his brothers that the three would equally distribute water rights owned by their father, Phillip Trujillo Sr. The Estate argues that the district court erred when it did not apply promissory estoppel. We disagree because the theory was absent from the pretrial order.

**{7}** The purposes of a pretrial order are to "narrow[] the issues for trial, reveal[] the parties' real contentions, and eliminate[] unfair surprise." *See Fahrbach v. Diamond Shamrock, Inc.*, 1996-NMSC-063, ¶ 24, 122 N.M. 543, 928 P.2d 269. Consistent with these purposes, our Supreme Court has recognized that "a pretrial order, made and entered without objection, and to which no motion to modify has been made, controls the subsequent course of action," and that, generally, "only those theories of liability contained in the pretrial order will be considered at trial." *Id.* (internal quotation marks and citation omitted).

**{8}** In this case, the district court entered a pretrial order, and the Estate did not object to the order or move to modify it. As we read the pretrial order, it does not include promissory estoppel as a theory on which the Estate could benefit. A legal theory is adequately raised in a pretrial order if the order contains factual contentions that support the party's legal theory and that alert the other parties that the theory is being asserted. *See Gilmore v. Duderstadt*, 1998-NMCA-086, ¶¶ 13-14, 125 N.M. 330, 961 P.2d 175. Here, we see no facts asserted in the pretrial order that support the elements of promissory estoppel: that Decedent actually relied on his brothers' promise to equally distribute water rights; that any such reliance was reasonable; that Decedent changed his position and such a change was substantial; that Decedent's brothers should have foreseen Decedent's reliance on their promise; or that failing to enforce the promise is

unjust. *See Strata Prod. Co. v. Mercury Expl. Co.*, 1996-NMSC-016, ¶ 20, 121 N.M. 622, 916 P.2d 822. Because the Estate's promissory estoppel theory is not in the pretrial order and because the Estate did not object to its exclusion, that theory was not part of the case at trial, and the absence of a ruling on that theory was not error.[1]

## III. The Estate Does Not Show That It Was Prejudiced by the Absence of a Presumption of Ownership

**{9}** Phillip Jr. and Mark claimed full or partial ownership of several items of personal property that Decedent possessed at the time of his death: a wolf painting, some meadow busters, a thrasher, a hammerwill, an antique buggy, a wood splitter, various tractors, irrigation turnouts, a water tank, a corn planter, several guns, a desk and computer screen, some of their parents' papers, various horse tack, and a horse trailer. The Estate requested that the court instruct the parties on how to dispose of this personal property and argued at the bench trial that Decedent's possession proved Decedent exclusively owned each of the items (except the horse trailer). The district court disagreed. On appeal, the Estate argues that the district court erred because it did not presume that Decedent owned the personal property based on the property being in his possession at the time of his death. Because the Estate fails to show that the lack of a presumption prejudiced it, we reject the Estate's claim of error.

**{10}** "[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (alteration, internal quotation marks, and citation omitted). The Estate argues the alleged error affected its burden of persuasion because the lack of a presumption impacted the court's "consideration of the evidence." However, in bench trials, "presumptions . . . are little more than rhetorical devices; one can argue them to a judge but they have no mandatory effect upon [the judge's] decision, which is reached by weighing the evidence." *Chapman v. Varela* (*In re Estate of C de Baca*), 2009-NMSC-041, ¶ 11, 146 N.M. 680, 213 P.3d 1109. Said another way, the presumption of ownership exclusively impacts the Estate's burden of production. *See* Rule 11-301 NMRA ("[T]he party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which remains on the party who had it originally."). And the burden of production is separate and distinct from the burden of persuasion. *See Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 24, 304 P.3d 409. Because the presumption would not impact how the court weighs the evidence, and the record indicates that the district court weighed the relevant evidence, the Estate has not established prejudice, and we therefore affirm the district court's ruling. *See Deaton*, 2004-NMCA-043, ¶ 31.

## IV. The Estate's Remaining Arguments Are Not Preserved

---

[1]We note that the Estate did not request findings of fact and conclusions of law regarding promissory estoppel.

**{11}** The Estate further argues on appeal that (1) a 2002 agreement to divide Phillip Sr.'s water right equally among Decedent, Phillip Jr., and Mark had sufficient consideration and therefore should be enforced as a contract; (2) the administration of Phillip Sr.'s estate precluded Phillip Jr. and Mark from claiming Phillip Sr.'s personal property in Decedent's possession merely because they are Phillip Sr.'s heirs; and (3) Phillip Jr. waived any personal jurisdiction defense because he "necessarily" appeared in his capacity as trustee when he argued for the Phillip Trujillo and Eva Trujillo Joint Living Trust's interests. We explain in turn how each is unpreserved.

**{12}** To show that an issue is preserved for appeal, a party must establish that "a ruling or decision by the trial court was fairly invoked," Rule 12-321 NMRA, by "specifically point[ing] out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273; *see also* Rule 12-318(A)(4) NMRA (requiring a party to identify where its arguments on appeal were preserved and provide record cites as support).

## A.     The 2002 Agreement

**{13}** On appeal, the Estate seeks to enforce—as a contract—a document in which Decedent and his two brothers agreed to equally distribute their father's water rights appurtenant to various properties near Truchas, New Mexico. The agreement's stated consideration was "the division of property of the Estate of Phillip Trujillo, Sr." The district court ruled this was insufficient consideration because Decedent and Mark, who at the time of entering the agreement were the co-personal representatives of their father's estate, had an existing legal duty to divide their father's estate. On appeal, the Estate presents a different consideration theory, arguing that the stated consideration was sufficient because the brothers bargained over "how to divide the land" and "each brother[] forb[ore] from claiming a different distribution of the" Truchas properties. In its brief in chief, the Estate generally asserts that it preserved its argument "in the briefing on the Estate's [m]otion to [e]nforce, in the Estate's testimony and argument at trial, and in the Estate's post-trial submissions," without providing any cite to the record or transcripts.2 We disagree.

**{14}** In the district court, the Estate explained that the consideration meant that the brothers forwent different claims of dividing their father's water rights, not different claims to their father's land in Truchas. In its briefing on the motion to enforce, the Estate argued that "[t]he consideration . . . was [Decedent]'s agreement to forego *his share of the water rights* described in the Agreement." It explained that the water rights Phillip Sr. had at the time of his death were divisible like the other real or personal property within his estate and thus Decedent "was entitled to one-third of [his father's] water rights," and that in the agreement, Decedent was "willing to forego . . . some of th[ose] water rights." The Estate hardly mentioned the Truchas land in its motion to

---

2In its reply brief, the Estate cites the record to show it preserved its general argument that the contract is enforceable, but no cite refers to the consideration argument made by the Estate on appeal.

enforce, and certainly did not connect the division of the Truchas land to the division of water rights. We do not believe that the Estate's motion to enforce fairly invoked a ruling from the district court on the argument it presents to us on appeal. *See* Rule 12-321.

**{15}** Nor do we believe that the Estate invoked a ruling on that argument during the bench trial or in post-trial litigation. We have reviewed the transcript of the four-day bench trial and the Estate's post-trial submissions, and we do not see any obvious place where the Estate preserved the argument it now presents to us on appeal. *See Crutchfield*, 2005-NMCA-022, ¶ 14. At trial, the Estate asserted that there was consideration, but at no point did it argue that the consideration was forbearing from a different division of the Truchas land. In the Estate's proposed findings and closing argument, it generally stated that the agreement was a contract and was enforceable. But such general arguments do not preserve the Estate's specific argument on appeal that the consideration was forbearing from claiming a different distribution of the Truchas land. *See Lasen, Inc. v. Tadjikov*, 2020-NMCA-006, ¶ 17, 456 P.3d 1090 (concluding appellant failed to preserve "detailed and specific attacks" to the district court's damages award when the appellant, to the district court, only made general statements that the appellee was not entitled to damages). Because the Estate failed to preserve its argument and it did not invoke an exception to the preservation requirement, *see* Rule 12-321, we decline to review this claim of error.[3]

## B.    Preclusion

**{16}** On appeal, the Estate argues that Respondents were precluded from claiming ownership of Phillip Sr.'s personal property "merely as a result of being Phillip Sr.'s heir[s]" because Phillip Sr.'s estate had already been probated in a proceeding with a final order that determined that Phillip Sr. had $0 in personal property. We do not believe that the Estate preserved this argument.

**{17}** In its brief in chief, the Estate does not cite the record to support where it preserved its claim preclusion argument, but it identifies three places in its reply brief: (1) a proposed finding that Phillip Sr.'s estate "filed an Order of Complete Settlement with th[e district c]ourt stating that [Phillip] Sr. had no tangible personal property at his death"; (2) a proposed conclusion that Phillip Sr. "owned no tangible personal property at his death"; and (3) a portion of its closing argument in which it argued that Phillip Sr.'s "estate was settled in 2002 in an Order of Complete Settlement wherein . . . the brothers represented to th[at district c]ourt that [their father] did not own any tangible personal property at the time of his death." We determine that the Estate did not preserve its claim preclusion argument in the places cited to in the record. Taken collectively or individually, the places in the record indicated by the Estate do not fairly invoke a ruling that the order probating Phillip Sr.'s estate was a final judgment on the merits, that the parties in the probate of Phillip Sr.'s estate were the same parties as in this proceeding;

---

[3]Because the district court concluded the agreement lacked consideration, which is a necessary element of a contract, *see Bd. of Educ., Gadsden Indep. Sch. Dist. No. 16 v. James Hamilton Const. Co.*, 1994-NMCA-168, ¶ 15, 119 N.M. 415, 891 P.2d 556, we need not address any of the Estate's other arguments that the agreement is enforceable as a contract.

and that both proceedings had the same cause of action. *See Turner v. First N.M. Bank*, 2015-NMCA-068, ¶ 6, 352 P.3d 661.

**{18}** Further, the Estate generally asserts that it preserved its argument in its motion for instruction, in its "testimony and argument at trial," and in its "post-trial submissions." But we do not see any obvious place in the record or in the trial transcripts where the Estate preserved its argument. *See Crutchfield*, 2005-NMCA-022, ¶ 14. We are not aware of any argument by the Estate invoking claim preclusion or res judicata or attempting to establish the elements of that doctrine. Thus, we conclude that the Estate failed to preserve its argument. *See id.* Because the Estate has not invoked an exception to the preservation requirement, *see* Rule 12-321, we will not address the merits of this argument.

### C.     Personal Jurisdiction Over the Trust

**{19}** Decedent and the Trust co-owned real property in Española, New Mexico, in which each had a 50 percent interest. Both of the Trust's trustees, Phillip Jr. and Eva Trujillo, were parties to the proceeding in their individual capacities, but not in their capacities as trustees, and the Trust itself was never party to the proceeding. Nevertheless, the Estate charged ahead, moving to partition the property. The district court dismissed the motion because it concluded that the Trust was an indispensable party for the purpose of partitioning the real property. On appeal, the Estate argues Phillip Jr., as trustee, waived personal jurisdiction because he "necessarily" appeared in his capacity as trustee when he argued for the Trust's interests.

**{20}** We do not believe the Estate preserved this argument. *See id.* In its brief in chief, the Estate contends that this argument was preserved, but the Estate does not cite anything in the record to support its assertion. *See* Rule 12-318(A)(4). We have reviewed the record for obvious preservation, *see Crutchfield*, 2005-NMCA-022, ¶ 14, but we have not found any argument that Phillip Jr. appeared as trustee or waived a personal jurisdiction defense.[4] During the trial, the Estate made several arguments that relate to personal jurisdiction and joining the Trust, but none were that Phillip Jr. necessarily appeared in his capacity as trustee. Instead, the Estate argued that it properly joined the Trust when it unilaterally changed the case's caption to include the Trust; that the Trust had actual notice of the proceeding; and that the Trust waived any defense of improper service when the Trust did not bring such a defense in a responsive pleading. These arguments do not preserve the Estate's waiver argument, and we therefore decline to review it because the Estate has not invoked an exception to the preservation requirement. *See* Rule 12-321.

### CONCLUSION

**{21}** We affirm.

---

4The Estate referenced personal jurisdiction once in the record proper, asserting a boilerplate defense in an answer to a counterclaim that is not a subject of this appeal.

**{22}** IT IS SO ORDERED.

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**