**TUCKER**

v.

**McQUERY et al.** █

Court of Common Pleas of Ohio,
Clermont County.

No. 95–CV–0777.

Decided Nov. 12, 1999.

Donald C. Moore, Jr. & Co., L.P.A., Donald C. Moore, Jr. and R. Craig McLaughlin, for plaintiff Sarah Tucker.

**40**

*Benjamin, Yocum & Heather, L.L.C., Charles F. Hollis III,* for defendant Allstate Insurance Company.

---

ROBERT P. RINGLAND, Judge.

Before this court is defendant Allstate Insurance Company's motion *in limine* regarding insurance. This case arose out of an automobile accident between defendant Tracy McQuery [1] and plaintiff Sara Tucker that occurred on November 28, 1993. It has been stipulated between the parties that McQuery's negligence was the proximate cause of the accident. The stipulation further provided that "[McQuery] is liable for any and all injuries and damages resulting [from the accident]. The only remaining issues for trial are causal connection and the amount of damages."

Plaintiff asserts that the jury should be informed that "(1) Tracy L. McQuery had a $12,500 liability insurance policy with Progressive Insurance, (2) $12,[5]00 has already been paid to Mrs. Tucker by Progressive, and (3) Mrs. Tucker has an insurance policy with Allstate that provides her an additional $12,[5]00 in underinsured motorist coverage." Under Tucker's Allstate Insurance Company ("Allstate") policy, she is not entitled to make a claim for damages resulting from an automobile accident until after she has exhausted all other applicable liability coverage. Having complied with this requirement, Tucker believes she is now entitled to make a claim against Allstate for up to $12,500. Defendant Allstate "vociferously disputes liability and damages" and asserts that plaintiff should be prohibited from introducing evidence referring to defendant McQuery's liability insurance coverage and/or any payments made thereunder to plaintiff, in addition to the existence and extent of the underinsured motorist coverage plaintiff has with Allstate.

At issue in this motion *in limine* is whether evidence regarding insurance should be admissible at trial. For the following reasons, this court denies defendant's motion *in limine* in part and grants it in part. Plaintiff may inform the jury that Allstate is the real party in interest, *i.e.,* that McQuery is no longer a party to the action. If necessary to clarify why this is so, plaintiff may state that McQuery and plaintiff have come to "mutually agreeable terms." However, no mention may be made of the amount plaintiff settled for, the amount of McQuery's policy with Progressive, or the terms and/or amounts of plaintiff's policy with Allstate.

---

1. McQuery is no longer a party to this action. Currently, the dispute is between plaintiff Sarah Tucker and defendant Allstate Insurance Company. Tucker has an insurance policy with Allstate that provides underinsured motorist coverage.

A motion *in limine* is "[a] pretrial motion requesting [the] court to prohibit opposing counsel from referring to or offering evidence on matters so highly prejudicial to [the] moving party that curative instructions cannot prevent predispositional effect on [the] jury." Black's Law Dictionary (6 Ed.1990), 1013. The purpose of such a motion is to prevent potentially prejudicial matter that is neither relevant nor admissible from being injected into a trial. *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 278, 21 OBR 345, 349, 487 N.E.2d 920, 924. "The granting or denying of a motion *in limine* rests within the sound discretion of the trial judge." *Harman Group Corporate Fin., Inc. v. Academy of Medicine of Columbus & Franklin Cty.* (1994), 94 Ohio App.3d 712, 721, 641 N.E.2d 785, 790. When a trial judge rules on a motion *in limine*, it is only a tentative or presumptive evidence ruling, which indicates the court's anticipated treatment of an evidentiary issue if special circumstances do not cause a different treatment when the issue actually arises. See *State v. Spahr* (1976), 47 Ohio App.2d 221, 1 O.O.3d 289, 353 N.E.2d 624. When a motion *in limine* is denied, the moving party may nevertheless proffer the evidence at trial. Failing to properly do so waives the right to raise the issue on appeal. See *White v. Ctr. Mfg. Co.* (1998), 126 Ohio App.3d 715, 722–723, 711 N.E.2d 281, 286.

Allstate makes two arguments as to why the motion *in limine* at issue should be granted. First, Allstate argues that Evid.R. 411 prohibits the introduction of insurance coverage. Second, Allstate states that Evid.R. 408 prohibits plaintiff from introducing evidence regarding any negotiations to compromise or compromises actually made.

*Evid.R. 411*

The basic public policy for excluding evidence of insurance is obvious: we do not want juries to "be reckless in awarding damages" as they will be paid "not by the defendant, but by a supposedly well-pursed and heartless insurance company that has already been paid for taking the risk." 2 Wigmore, Evidence (Chadbourn Rev.1979), Section 282a, at 148. In order to preclude such a result, Evid.R. 411 provides:

"Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. *This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose,* such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness." (Emphasis added.)

In this case, plaintiff desires to introduce the fact that she carries Allstate insurance. The purpose is, allegedly, to disclose who the real defendant is. Such a disclosure does not require exclusion, as this is "another purpose" as contemplated by Evid.R. 411. As 2 Wigmore, *supra,* Section 282a, at 168–169, correctly

states, jurors have the right to know who the real party in interest is. In the case of automobile accidents, there is almost invariably an insurance company involved. *Id.* This is especially true as Ohio has a mandatory automobile insurance coverage law. See R.C. 4509.101. However, indicating more than that the insurance company is the actual defendant is inappropriate in this case.[2]

*Evid.R. 408*

Current Evid.R. 408 traces its lineage to the case of *Sherer v. Piper & Yenney* (1875), 26 Ohio St. 476, paragraph one of the syllabus, where our Supreme Court stated: "The fact that an offer to compromise the matters in dispute between the parties was made, is incompetent, either as evidence of a *fact* from which the liability of the party making the offer may be inferred, or as an admission of such liability." (Emphasis *sic.*) Adhering to this pronouncement, Evid.R. 408 provides:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible *to prove liability for or invalidity of the claim or its amount.* Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. *This rule does not require exclusion when the evidence is offered for another purpose,* such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." (Emphasis added.)

Thus, a court may not admit evidence tending to prove liability for, invalidity of, or the amount of, a claim. However, the rule also states that when evidence of a compromise or offer to compromise is offered for some purpose other than those proscribed, the evidence may be admitted. This is indeed the manner in which our courts of appeal have interpreted Evid.R. 408. See, *e.g., Krysa v. Sieber* (1996), 113 Ohio App.3d 572, 578–579, 681 N.E.2d 949, 953 (holding that it is not error to admit evidence regarding settlement negotiations where there is no issue of liability and the evidence presented was intended to show one party's miscalculation during property division).

Plaintiff argues that it should be allowed to introduce the amount it settled for with Progressive. This court does not believe that this would be appropriate. By allowing introduction of this fact, the jury might assume that the amount the

---

2. In so stating, this court believes that it is inappropriate for plaintiff Tucker to attempt to introduce the fact that McQuery had an insurance policy with Progressive and/or that Tucker has an insurance policy for underinsured motorist coverage up to $12,500 with Allstate.

plaintiff now is claiming is valid, since plaintiff has already settled with the tortfeasor's insurance company for the policy maximum. Such a use could tend to prove, in the minds of the jury, the amount at issue in the case at bar. In support of its motion, plaintiff cites the below two cases.

In *Owens–Corning Fiberglas Corp. v. Am. Centennial Ins. Co.* (1995), 74 Ohio Misc.2d 272, 275–276, 660 N.E.2d 828, 830–831, the court allowed evidence regarding other insurers who had settled with one of the parties. The rationale was, according to the court, that "there is an elaborate configuration of excess insurance coverage." *Id.* at 276, 660 N.E.2d at 831. In the case at bar, the insurance coverage at issue is not elaborate and would not tend to confuse the jury. Indeed, there are only two companies: Progressive and Allstate. This is a rather simple configuration, which many jurors may well have themselves. Second, plaintiff cites *Lewis v. Alfa Laval Separation, Inc.* (1998), 128 Ohio App.3d 200, 714 N.E.2d 426, in support of her theory. In that case, the court of appeals found no abuse of discretion by the court in allowing evidence that a nonparty had settled with one of the parties to show why the nonparty was not a party in the case. *Id.* at 210–211, 714 N.E.2d at 432–433 (citing *Owens–Corning* ). This court has already stated that plaintiff may disclose that Allstate is the real party in interest. It may be necessary for plaintiff to elaborate on this fact by noting that McQuery is no longer a party because she has come to "mutually agreeable terms" with the plaintiff. However, any mention of the amount that plaintiff settled with Progressive for would be inappropriate.

For the foregoing reasons, this court hereby grants in part and denies in part defendant Allstate Insurance Company's motion *in limine* regarding insurance.

*Motion granted in part*
*and denied in part.*