DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert J. Vilagi, Jr., appeals from the judgment of the Lorain County Court of Common Pleas awarding him $26,037.00 in his suit against Appellee, Allstate Indemnity Company. This Court affirms in part and reverses in part.
 I. {¶ 2} Appellant was involved in a motor vehicle accident on June 11, 2000 with a vehicle driven by Mr. Michael Guzman. Guzman reached a prior settlement with Appellant, but Guzman's insurance was insufficient to cover Appellant's losses. Thereafter, Appellant brought suit against Appellee for breach of contract, seeking to recover through his underinsured motorist coverage.
 {¶ 3} The parties stipulated at trial that a contract existed between Appellant and Appellee and stipulated to its terms. They also stipulated that Appellant was insured and that Appellant's loss was a covered loss under the contract. As a result, the trial court would not permit Appellant to refer to Appellee as Allstate. Instead, the court referred to Appellee as either the defendant or the tortfeasor.
 {¶ 4} The only contested issue at trial was the amount of Appellant's damages, which was tried to a jury. The jury returned a verdict of $35,000 in Appellant's favor. The trial court then requested that the parties brief the issue of whether set-off was appropriate based on Appellant's prior recovery from the tortfeasor. The trial court reviewed the briefs and ordered that the verdict be reduced by $8,963.00, the amount Appellant had received from the tortfeasor's insurance company. As a result, Appellant received a judgment of $26,037.00. Appellant timely appealed the judgment, raising eight assignments of error.
 II. ASSIGNMENT OF ERROR I
"The trial court committed reversible error when it ignored long standing ohio underinsured motorist law."
 ASSIGNMENT OF ERROR II
"The trial court committed reversible error when it hid the identify (sic) of [appellee]."
 ASSIGNMENT OF ERROR III
"The trial court committed reversible error when it refused to allow the [appellant] to present and prove the elements of his underinsured motorist claim."
 {¶ 5} As Appellant has argued these three assignments of error together, this Court will address them in the same fashion. Appellant argues in his first three assignments of error that the trial court erred when it refused to allow him to identify Allstate by name throughout the trial. We disagree.
 {¶ 6} The admission of evidence is within the sound discretion of the trial court. State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604. Therefore, unless the trial court has abused its discretion and the Appellant has been materially prejudiced thereby, this Court will not interfere. Id. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 7} Appellant argues that Tucker v. McQuery (1999),107 Ohio Misc.2d 38, requires that Allstate be identified as the real party in interest. However, Tucker, is a decision of the Clermont County Court of Common Pleas denying a motion in limine. As such, it does not incorporate any standard of appellate review. It is merely a trial court determination on the admissibility of evidence. As such, the decision in Tucker has no bearing on our determination of whether the trial court abused its discretion.
 {¶ 8} Appellant argues that "[t]he prejudice of not being able to present a claim recognized under Ohio law is obvious." However, this Court fails to see any prejudice caused by the trial court's refusal to allow Appellee to be identified by name. The only issue at trial was the amount of the damages Appellant sustained as a result of the accident. The only witnesses were medical experts that testified to the extent of Appellant's damages. Upon hearing all of the evidence, the jury returned a verdict in Appellant's favor in the amount of $35,000. At no time has Appellant argued that his damages exceeded the jury's verdict. Instead, Appellant simply states in conclusory fashion that he was prejudiced.
 {¶ 9} As Appellant has not identified any prejudice resulting from the exclusion of the above evidence, his first three assignments of error are overruled.
 ASSIGNMENT OF ERROR IV
"The trial court committed reversible error when it prohibited [appellant] from conducting a proper voir dire."
 {¶ 10} In his fourth assignment of error, Appellant argues that the trial court erred when it prevented him from questioning potential jurors about any relationship they had with Appellee. We disagree.
 {¶ 11} Determining the scope of questions posed in voir dire "is a matter wholly for the trial court to determine in the exercise of its sound discretion and in the light of all the facts and surrounding circumstances." Dowd-Feder v. Truesdell
(1936), 130 Ohio St. 530, 535. A trial court only abuses its discretion if it makes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} When a trial court exercises its discretion in limiting questions during voir dire, and the party challenging that ruling does not demonstrate that a biased jury was obtained, we cannot say that the trial court abused its discretion. Kruppv. Poor (1970), 24 Ohio St.2d 123, at paragraph four of the syllabus.
 {¶ 13} Appellant has not claimed that a biased jury was obtained as a result of limiting voir dire. The trial court questioned the potential jurors about their involvement in the insurance industry and about their past experiences with insurance companies. Further, the jury found in favor of Appellant, calculating damages in the amount of $35,000. As such, Appellant has not identified any prejudice resulting from the trial court limiting the questions posed in voir dire. Accordingly, Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"The trial court committed reversible error when it prevented [appellant] from demonstrating the bias of the [appellee's] expert witness."
 {¶ 14} In his fifth assignment of error, Appellant argues that the trial court erred when it prevented him from questioning Appellee's expert regarding the expert's relationship with Appellee. However, the record reflects that Appellee utilized the testimony of both Dr. Bernard Stulberg and Dr. Menhal Ghanma. Both of these individuals testified via videotape deposition. Appellant's brief fails to indicate which witness he was deprived of questioning. Further, Appellant's brief does not make reference to a portion of the record or the videotape to support his contention that he was deprived of questioning a witness.
 {¶ 15} It is the appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs
(1978), 53 Ohio St.2d 162. As such, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673. Therefore, we disregard Appellant's fifth assignment of error. App.R. 12(A)(2).
 ASSIGNMENT OF ERROR VI
"The trial court committed reversible error when it reduced the amount of [the] verdict by the amount [appellant] received from the tortfeasor."
 {¶ 16} In his sixth assignment of error, Appellant asserts that the trial court erred by reducing the verdict by the amount he received from the tortfeasor. We disagree.
 {¶ 17} With respect to setoff, Appellant's insurance policy provides as follows:
"Any amount payable to or for an insured person or additional insured person under this coverage will be reduced by all amounts paid by the owner or operator of the uninsured motor vehicle or anyone else legally responsible. This includes all sums paid under the bodily injury liability coverage of this or any other motor vehicle insurance policy."
 {¶ 18} At trial, the parties stipulated that Appellant had an insurance policy and that Appellant was entitled to coverage on the day of the accident.
 {¶ 19} The interpretation of the terms of a clear and unambiguous contract is a matter of law. Reitz v. West (Aug. 30, 2000), 9th Dist. No. 19865. Further, Appellant has never contested the language of his insurance policy. Given the clear language in the contract, this Court cannot say that the trial court erred in reducing the amount of the verdict by the amount Appellant received from the tortfeasor. Accordingly, Appellant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR VII
"The trial court committed reversible error when it denied [appellant's] motion for prejudgment interest."
 {¶ 20} In his seventh assignment of error, Appellant argues that the trial court erred when it denied him prejudgment interest. We disagree.
 {¶ 21} A trial court's determination of whether to grant prejudgment interest will be upheld absent an abuse of discretion. Wagner v. Midwestern Indemnity Co. (1998),83 Ohio St.3d 287, 293. A trial court only abuses its discretion if it makes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 22} R.C. 1343.03(A) provides in pertinent part as follows:
"* * * when money becomes due and payable upon any * * * instrument of writing * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.43 of the Revised Code[.]"
 {¶ 23} However, whether the prejudgment interest should be calculated from the date coverage was denied, from the date of the accident triggering the claim, or some other time is for the trial court to determine. Landis v. Grange Mutual Ins. Co.
(1998), 82 Ohio St.3d 339, 342. Further, a trial court may determine that money does not become due and payable until the date of judgment. Eagle American Ins. Co. v. Frencho (1996),111 Ohio App.3d 213, 221.
 {¶ 24} Given that a genuine dispute existed as to whether all of Appellant's injuries were caused by the accident caused by Mr. Guzman, we cannot say that the trial court's determination that interest should accrue from the date of judgment was an abuse of discretion. That is, we cannot say the trial court abused its discretion in finding that money became due and payable on the parties' contract on the date of judgment. Accordingly, Appellant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR VIII
"The trial court committed reversible error when it denied the prevailing party's motion to tax costs."
 {¶ 25} In his final assignment of error, Appellant argues that the trial court erred in failing to tax certain costs to Appellee. "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." Benda v. Fana (1967),10 Ohio St.2d 259, at paragraph one of the syllabus. Appellant asserts that he is entitled to the videotape fee for a deposition used at trial, $420.00, and the transcription cost of a deposition that was read to the jury, $82.65. We agree.
 {¶ 26} Civ.R. 54(D) governs the award of costs as follows:
"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 27} As such, the trial court has discretion to order that the prevailing party bear his own costs. Vance v. Roedersheimer
(1992), 64 Ohio St.3d 552, 555. Therefore, we will not reverse the trial court absent an abuse of discretion. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Id. at 219.
 {¶ 28} In addition to Civ.R. 54(D), Rule 13(D)(2) of the Rules of Superintendence for Courts of Common Pleas states as follows:
"The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54."
 {¶ 29} Further, we note that the trial court gave no explanation in its denial of costs to Appellant. Given the above authority, we find that the trial court abused its discretion in denying Appellant's motion to tax the costs of the videotape deposition to Appellee.
 {¶ 30} Further, the Ohio Supreme Court has held that the expense of depositions may be included in costs if the depositions are used at trial. Barrett v. Singer Co. (1979),60 Ohio St.2d 7, 9. Again, the trial court gave no explanation in its denial of Appellant's motion to tax costs. As such, the trial court abused its discretion in denying Appellant's motion to tax the costs of transcribing a deposition that was used at trial.
 {¶ 31} Accordingly, Appellant's eighth assignment of error is sustained, and the trial court's denial of Appellant's motion to tax costs is reversed.
 III. {¶ 32} Appellant's assignments of error one through seven are overruled. Appellant's eighth assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J., and Batchelder, J., Concur.