DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant Theresa Mounts has appealed from the judgment of the Summit County Court of Common Pleas in which a jury awarded her $5,000 in damages. This Court affirms.
 I {¶ 2} On July 2, 2005, Appellant was a passenger on a motorcycle driven by her husband, Randall Mounts. Defendant-Appellee Chadam Malek turned left across traffic and struck the Mounts' motorcycle. As a result, both Mr. Mounts and Appellant were ejected from the motorcycle. *Page 2 
 {¶ 3} On January 18, 2006, Appellant sought treatment from a neurologist, Dr. Robert Lada. Appellant reported to Dr. Lada that she had numbness on the left side of her head and pain over her left temple and eye. Appellant also indicated that she felt fatigued and suffered memory loss. Appellant stated that she believed that these symptoms had resulted from the motorcycle accident. During Appellant's treatment, Dr. Lada ran numerous diagnostic tests, including an MRI and two EEG tests. Finding no structural damage that could be linked to the accident, Dr. Lada began to suspect that Appellant suffered from a seizure disorder.
 {¶ 4} Appellant filed the instant suit before completing a full workup with Dr. Lada and before receiving a final diagnosis. In her suit, Appellant alleged that Malek had negligently caused her injuries. In addition, Appellant filed suit against her insurance company, Allstate Insurance Company, seeking underinsured coverage. Prior to suit, Malek offered to settle the claim for the full amount of his $25,000 insurance policy. Defendant-Appellee Allstate Insurance Company, however, would not permit a release to be signed based on its contractual rights as the provider of Appellant's underinsured coverage. Consequently, the matter was set for a jury trial.
 {¶ 5} Prior to trial, Malek requested that the trial court exclude any mention of Allstate in front of the jury. Appellant opposed the motion, asserting that Allstate was a real party in interest and had to be identified before the jury. *Page 3 
The trial court disagreed and granted Malek's motion in limine. Malek also sought to exclude Dr. Lada's deposition from trial. Upon review, the trial court found that Dr. Lada had not properly testified with respect to causation and excluded his deposition from trial. During trial, Appellant proffered both pieces of excluded evidence and the trial court affirmed its pre-trial rulings.
 {¶ 6} At the conclusion of the trial, the jury found that Appellant had suffered $10,000 in damages. The jury also found that Mr. Mounts was 50% negligent in causing the accident. Accordingly, the trial court awarded Appellant damages in the amount of $5,000. As Allstate had previously advanced $25,000 to Appellant, the court found that the $5,000 judgment had been satisfied. Appellant has timely appealed the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING THE IDENTIFICATION OF ALLSTATE AS A REAL PARTY TO THE ACTION."
 {¶ 7} In her first assignment of error, Appellant has asserted that the trial court erred when it granted Malek's motion in limine and refused to let her identify Allstate as the real party in interest to the jury. We disagree.
 {¶ 8} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, *Page 4 
paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. State v. Roberts,156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621.
 {¶ 9} Except as otherwise provided, "[a]ll relevant evidence is admissible," whereas "[evidence which is not relevant is not admissible." Evid.R. 402. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. However, "[although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).
 {¶ 10} This Court has previously been presented with the argument raised by Appellant. In finding no prejudicial error, this Court held as follows:
 "Appellant argues that Tucker v. McQuery (1999), 107 Ohio Misc.2d 38, requires that Allstate be identified as the real party in interest. However, Tucker, is a decision of the Clermont County Court of Common Pleas denying a motion in limine. As such, it does not incorporate any standard of appellate review. It is merely a trial court determination on the admissibility of evidence. As such, the *Page 5 
decision in Tucker has no bearing on our determination of whether the trial court abused its discretion.
 "* * * this Court fails to see any prejudice caused by the trial court's refusal to allow Appellee to be identified by name. The only issue at trial was the amount of the damages Appellant sustained as a result of the accident. * * * Upon hearing all of the evidence, the jury returned a verdict in Appellant's favor * * *. At no time has Appellant argued that his damages exceeded the jury's verdict. Instead, Appellant simply states in conclusory fashion that he was prejudiced." Vilagi v. Allstate Indem. Co., 9th Dist. No. 03CA008407, 2004-Ohio-4728, at ¶ 7-8.
Appellant's argument herein suffers from the same flaw as the argument raised in Vilagi.
 {¶ 11} Appellant extensively argues that Allstate would suffer no prejudice from being identified as a party. Appellant, however, identifies no prejudice to her stemming from the refusal to name Allstate as a party. In fact, in her reply brief Appellant asserts for the first time that by failing to identify Allstate as a party the trial court created sympathy for Malek, the tortfeasor. There is no support in the record for this assertion, nor is there any evidence that Malek's ability to pay a judgment was even mentioned during the trial court proceedings.
 {¶ 12} The sole issues litigated in the trial court were proximate cause and damages. Naming Allstate as a party would not have aided the jury in deciding either of these issues. Accordingly, Appellant suffered no prejudice from the trial court's refusal to identify Allstate as a party to the action. Appellant's first assignment of error lacks merit. *Page 6 
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN STRIKING THE DEPOSITION TESTIMONY AND MEDICAL BILLS OF DR. LADA."
 {¶ 13} In her second assignment of error, Appellant has argued that the trial court erred when it refused to admit the deposition of her medical expert. We disagree.
 {¶ 14} A trial court possesses broad discretion with respect to the admission of evidence. Sage, 31 Ohio St.3d at paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produces a material prejudice to the aggrieved party. Roberts at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court.Pons, 66 Ohio St.3d at 621.
 {¶ 15} With respect to admitting an expert's testimony about causation, the Ohio Supreme Court has held as follows:
 "The admissibility of expert testimony that an event is the proximate cause is contingent upon the expression of an opinion by the expert with respect to the causative event in terms of probability. An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue. Inasmuch as the expression of probability is a condition precedent to the admissibility of expert opinion regarding causation, it relates to the competence of the evidence and not its weight. Consequently, expert opinion regarding a causative event, including alternative causes, must be expressed in terms of probability irrespective of whether the proponent of the evidence bears the burden of persuasion with respect to the issue." *Page 7 
(Internal citations omitted.) Stinson v. England (1994), 69 Ohio St.3d 451, paragraph one of the syllabus.
In the instant matter, Appellant has asserted that her expert met this test for admission. We disagree.
 {¶ 16} Appellant is correct in her assertion that Dr. Lada testified that his treatment of her was related to the motor vehicle accident, stating that the treatment, tests, and office visits "were all related to the accident itself[.]" Appellant, however, mischaracterizes Dr. Lada's testimony regarding the issue of causation of the injuries. Dr. Lada's testimony indicated that Appellant reported to him that she had been involved in a motor vehicle accident and was currently suffering from certain neurological symptoms. Dr. Lada's above-quoted statement indicated that the accident caused Appellant to seek treatment. Dr. Lada's statement, however, did not imply that the accident caused Appellant's injuries.
 {¶ 17} With respect to the cause of Appellant's injuries, Dr. Lada stated as follows:
 "I would add to that, that depending on what diagnoses we're dealing with, in regard to seizure I cannot make that connection. I don't have enough evidence for that.
 "More likely there's a potential for the closed-head injury aspect to affect her thinking and her function; and that aspect of the workup has not been complete. So I think of two potential diagnoses that I had seen her for, the seizure potential and the closed-head injury, traumatic brain injury potential, of the two, I think most likely a traumatic brain injury [has played] a role in her symptoms and, perhaps, [is] making it more difficult to come to a final decision in regard to the seizure" *Page 8 
During Dr. Lada's cross-examination, the following colloquy took place:
 "Q. Doctor, when the plaintiff last saw you in August of `06, as I understand it, you were of the opinion that if the seizure activity was occurring, you couldn't rule out that it possibly was related to epilepsy, anxiety or the accident. Is that a fair characterization?
 "A. Correct.
 "Q. And you still haven't had today anything objective, I think in your words, to hang your hat on to say specifically what is happening and what has caused it. Is that true?
 "A. Correct."
In fact, throughout his testimony Dr. Lada indicated that Appellant's work up was incomplete and prohibited him from making a final determination of her injuries. Dr. Lada advised that Appellant follow up and get a neuropsychological exam, but Appellant declined to do so.
 {¶ 18} During his testimony, Dr. Lada also admitted that he did not identify any abnormalities in Appellant's tests that indicated that her brain suffered an injury in the accident. Consequently, Dr. Lada was left with his initial view that Appellant's injuries could have resulted from epilepsy, anxiety, or the motor vehicle accident. At no time did Dr. Lada opine that it was probable that the motor vehicle accident contributed to Appellant's injuries. The trial court, therefore, did not abuse its discretion in finding Dr. Lada's testimony inadmissible.
 {¶ 19} Appellant's second assignment of error lacks merit. *Page 9 
 III {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 10 
SLABY, P. J. CONCURS