DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kerry J. Cooper, appeals the decision of the Summit County Court of Common Pleas, which granted appellees', Robert L. and Sandra Mauller, motion for prejudgment interest. This Court reverses.
 I. {¶ 2} The underlying action arose out of an automobile accident between Mr. Cooper and the Maullers. The Maullers alleged Mr. Cooper's negligence caused the collision and, as a result of the accident, Mrs. Mauller incurred medical expenses of approximately $94,000.00. Mr. Cooper admitted causing the *Page 2 
accident, but disputed the fact that all of the medical expenses sought by the Maullers were related to the accident.
 {¶ 3} The Maullers' original demand was over $200,000.00, but was reduced to $185,000.00 on the first day of trial. Mr. Cooper's insurance company initially offered $5,000 and increased the offer to $5,500.00 on the day of trial. The matter proceeded to trial, and the jury found in favor of the Maullers in the amount of $9,000.00. The Maullers filed a motion for prejudgment interest.
 {¶ 4} The trial court held a hearing on the motion for prejudgment interest. At the conclusion of the hearing, the court granted said motion and awarded the Maullers $2,520.00.
 {¶ 5} Mr. Cooper timely appealed the trial court's award of prejudgment interest, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S (sic) MOTION FOR PREJUDGMENT INTEREST."
 {¶ 6} In his sole assignment of error, Mr. Cooper argues that the trial court erred in granting the Maullers' motion for prejudgment interest. Specifically, Mr. Cooper asserts that the trial court's finding that his offer to settle for $5,500 was not made in good faith was error. This Court agrees.
 {¶ 7} An appellate court reviews the trial court's decision to grant or deny prejudgment interest for an abuse of discretion. Vilagi v.Allstate Indemn. Co., 9th *Page 3 
Dist. No. 03CA008407, 2004-Ohio-4728, at ¶ 21, citing Wagner v.Midwestern Indemnity Co. (1998), 83 Ohio St.3d 287, 293, 699 N.E.2d 507. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} R.C. 1343.03(C) governs awards of prejudgment interest and provides, in relevant part:
 "If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows: * * *."
 "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, not attempted to unnecessarily delay any of the proceedings, and made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus.
 {¶ 9} In reaching its decision, the trial court found that there was no evidence that either party failed to cooperate in discovery or attempted to delay *Page 4 
unnecessarily the proceedings. Nevertheless, the trial court found that Mr. Cooper did not make a good faith offer of settlement. After reviewing the record, this Court finds that there was no evidence presented at the hearing on the Maullers' motion for prejudgment interest to show that it was unreasonable for Mr. Cooper to believe that Mrs. Mauler's alleged injuries were not entirely due to the accident for which he accepted responsibility. Therefore, the trial court abused its discretion in awarding the Maullers' motion for prejudgment interest. Accordingly, Mr. Cooper's assignment of error is sustained.
 III. {¶ 10} Mr. Cooper's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, is reversed, and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
MOORE, J. CONCURS