OPINION
{¶ 1} Plaintiff-appellant, Robyn Fortner, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company, following a jury trial. For the following reasons, we affirm that judgment.
 {¶ 2} On August 6, 2004, appellant and Dana Powell were helping appellant's boyfriend, Nathan Lewis, move Lewis' furniture and personal property from one apartment *Page 2 
to another apartment located within the same apartment complex. Appellant, Powell, and Lewis were using Powell's pick-up truck to transfer Lewis' property between the two apartments. During one of these trips, appellant and Lewis were riding in the bed of the pick-up truck. Powell was driving. Apparently, appellant lost her balance, fell out of the pick-up truck, and sustained injuries.
 {¶ 3} Appellant sued Powell alleging that the accident and her resulting injuries were proximately caused by Powell's negligence, carelessness, and recklessness.
 {¶ 4} Powell had automobile insurance with Erie Insurance Company. Erie's policy had liability limits of $25,000. Appellee insured appellant under an automobile liability policy that included $100,000 of underinsured motorist ("UIM") coverage. Erie offered appellant its policy limit of $25,000 in exchange for a full release of Powell. Appellant sought appellee's permission to settle with Powell pursuant to her obligations under her UIM coverage with appellee. Instead of approving the proposed settlement with Powell and his carrier, Erie, appellee paid appellant the $25,000 offered by Erie, thereby preserving appellee's right of subrogation against Powell. Appellee then moved to intervene in the action as a party defendant. Appellant filed a memorandum in support of appellee's intervention. The trial court granted appellee's motion.
 {¶ 5} Ultimately, appellee settled with Erie and Powell. Pursuant to that settlement, Erie agreed to reimburse appellee for the $25,000 appellee paid to appellant in exchange for a full release of Powell. Powell was then dismissed from the case. However, appellant and appellee agreed to litigate the question of whether appellee had any liability to appellant under appellee's UIM coverage. The resolution of this issue turned on whether Powell was liable to appellant as a result of the accident. *Page 3 
 {¶ 6} The case proceeded to a jury trial. The jury unanimously determined that appellant was 75 percent negligent and Powell was 25 percent negligent. Pursuant to the doctrine of comparative negligence, Powell was not liable to appellant. Therefore, the jury found for appellee. Accordingly, the trial court entered judgment for appellee because the UIM policy did not obligate appellee to pay UIM benefits to appellant if Powell was not liable for appellant's injuries.
 {¶ 7} Appellant now appeals, assigning the following errors:
 Assignment of Error No. 1
 THE TRIAL COURT ERRED BY LIMITING THE EVIDENCE IN THIS UNDERINSURED MOTORIST CLAIM AGAINST STATE FARM TO LIABILITY AGAINST THE TORTFEASOR AND DAMAGES.
 Assignment of Error No. 2
 THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE OF BIAS OF THE TORTFEASOR WHO HAD ENTERED INTO AN AGREEMENT WITH PLAINTIFF'S AUTOMOBILE CARRIER THAT PROVIDED A RELEASE FROM LIABILITY IN EXCHANGE FOR HIS COOPERATION AT DEPOSITION AND SHOWING UP A[T] TRIAL.
 {¶ 8} Appellant contends in her first assignment of error that the trial court erred by not allowing appellant to introduce evidence of the UIM policy that was the basis for appellant's claim against appellee. We find that even if the trial court erred by prohibiting appellant from introducing evidence of the insurance contract, any such error was harmless.
 {¶ 9} We review a trial court's decision to exclude evidence under an abuse of discretion standard. Columbus v. Taylor (1988),39 Ohio St.3d 162, 164. That standard *Page 4 
only permits reversal of the trial court's decision if it is unreasonable, arbitrary, or capricious. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} Appellant's breach of contract claim against appellee was premised on her alleged right to UIM coverage for the injuries she sustained as a result of Powell's alleged negligence. Under the unique facts presented here, we agree with appellant that the insurance contract between appellant and appellee was relevant evidence because it was the underlying basis for appellant's claim against appellee. However, a trial court can exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid. R. 403(A). Here, the parties did not contest the existence or terms of the UIM policy. Rather, the parties agreed to present the jury with one issue — whether Powell was liable to appellant. The UIM policy does not bear on that issue, and thus, the admission of the UIM policy could have only confused the jury.
 {¶ 11} In any event, in light of the jury's determination that Powell was 25 percent negligent and that appellant was 75 percent negligent, appellant has not shown how the trial court's refusal to allow into evidence the UIM policy prejudiced her.
 {¶ 12} In the absence of a showing that the insured sustained injuries proximately caused by the acts of the tortfeasor, there is no UIM coverage. See Gaul v. Westfield Natl. Ins. Co. (Aug. 20, 1999), Lake App. No. 97-L-278 (any contractual issues are irrelevant and premature until the liability and damage issues are resolved as to the tortfeasor). See, also, Vilagi v. Allstate Indemn. Co., Lorain App. No. 03CA008407, 2004-Ohio-4728; Mounts v. Malek, 2007-Ohio-5112; Dieble v.Auto Owners Ins. Co., Stark App. No. 2006CA00211, 2007-Ohio-3429. Consequently, once the jury determined that *Page 5 
appellant was the more negligent party, appellant could not recover UIM benefits. Nothing in the UIM policy could alter that result. Therefore, even if the trial court erred by not allowing appellant to introduce the UIM policy into evidence, any such error was harmless. Accordingly, we overrule appellant's first assignment of error.
 {¶ 13} In her second assignment of error, appellant contends that the trial court erred by excluding evidence of the settlement agreement between Powell, Erie, and appellee. Appellant argues that evidence of this settlement agreement was relevant because it undermined Powell's credibility. Appellant contends that Powell was biased in favor of appellee because appellee released Powell from any subrogation liability in the settlement agreement, and thus, the trial court erred by not allowing appellant to introduce the agreement to impeach Powell. We disagree.
 {¶ 14} Evidence of the settlement agreement, coupled with the legal reasons for why Erie, Powell, and appellee structured the settlement as they did, easily could have confused the jury. The only issue the jury needed to decide was the degree of negligence, if any, attributable to Powell and to appellant. Therefore, there was a real danger that the introduction of the settlement agreement would unnecessarily confuse the jury.
 {¶ 15} We also fail to see how evidence of the settlement agreement would have undermined Powell's credibility. In the absence of the release, Powell could have been personally liable for any damages to appellant in excess of his liability coverage with Erie. Therefore, if appellee had not released Powell, appellant could have argued that Powell had a financial incentive to minimize his culpability. That incentive was eliminated once appellee released Powell from any subrogation liability. *Page 6 
 {¶ 16} Given the tenuous connection between evidence of the settlement agreement and Powell's credibility, coupled with the danger that the jury could have been confused by the reasons for the settlement agreement, the trial court did not abuse its discretion by excluding evidence of the settlement agreement. Therefore, we overrule appellant's second assignment of error.
 {¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and FRENCH, JJ., concur. *Page 1