{¶ 41} Although I agree with the majority's disposition of appellant's first and second assignments of error, I disagree with their treatment of appellant's third assignment of error. Therefore, I respectfully dissent with regard to the issue in the third assignment of error. *Page 17 
 {¶ 42} Initially, it is clear that at least some of the deposition expenses for Drs. Dane Donich, Edmund Wymyslo, and David Ash are clearly includable as court costs. Sup. R. 13(D)(2) provides that the reasonable expenses of recording and presenting videotaped testimony shall be taxed as costs in accordance with Civ. R. 54(D). This court has found that the expense of depositions may be included in costs if the depositions are admitted and used at trial. See Grant v. Forgash (Dec. 26, 1995), Franklin App. No. 95APE06-792. See, also, Barrett v. Singer Co. (1979),60 Ohio St.2d 7, 9 (the expense of depositions taken de bene esse is to be taxed as costs only if the depositions were used at trial). In the present case, the depositions of Drs. Donich, Wymyslo, and Ash were admitted at the close of trial for the trial court's review and use. Thus, the trial court should have included at least some of the deposition costs claimed by appellant as costs awardable to her.
 {¶ 43} I recognize that, as noted by the majority, although Civ. R. 54(D) provides that costs shall be allowed to the prevailing party, it does not grant an absolute right to such. State ex rel. Gravill v.Fuerst (1986), 24 Ohio St.3d 12, 13. Civ. R. 54(D) grants the court discretion to order that the prevailing party bear all or part of his or her own costs. Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555. However, here, the trial court failed to give any indication in its December 18, 2007 entry as to why it refused to grant the deposition costs to appellant. At least one other court has found an abuse of discretion when the trial court failed to give any explanation for denying a motion to tax the costs of transcribing a deposition that was used at trial, given the clear authority to do so under Sup. R. 13(D)(2) and Civ. R. 54(D). See Vilagi v. Allstate Indemn. Co., Lorain App. No. 03CA008407, 2004-Ohio-4728, at ¶ 25-30. As our standard of review is abuse of *Page 18 
discretion and not de novo, it is impossible for this court to properly review the trial court's judgment regarding these costs given its failure to include it reasons for its denial of such. Therefore, I would sustain appellant's third assignment of error and remand the matter to the trial court to give its reasons for denying appellant the costs associated with the depositions. *Page 1